## O. W. SCHULTZ LUMBER COMPANY, Respondent v. ROBINSON et al (ROBINSON, Appellant).

### (169 N. W. 526).

(File No. 4431.   Opinion filed Nov. 29, 1918).

**Negotiable Instruments—Joint Note, Renewal of Prior Co-Makers' Note—Extension of Time of Payment as Consideration— Directing Verdict.**

Where appellant, one of two joint makers of promissory notes in suit, given in renewal of a prior note executed by one of the co-makers of the notes in suit, defended upon grounds of want of consideration, and fraud in procuring her execution of the notes, but upon appeal abandoned the issue of fraud, trial court, after both parties had moved for directed verdict, having directed verdict in plaintiff's favor and failed to make findings as is proper where both parties so moved, **held**, that, it being undisputed that the notes were given in renewal of said prior note, and in settlement of an account due from co-makers to plaintiff, the giving of the notes in suit extended the time of said former indebtedness, which latter was a good consideration for appellant's signature to the notes; and, this appearing from undisputed evidence, and the issue of fraud being eliminated, appellant's claim that she knew nothing of said former indebtedness and was advised that the notes she signed were merely accomodation notes, is unavailing.

Appeal from Circuit Court Walworth County.   Hon. Joseph H. Bottum, Judge.

Action by the O. W. Schultz Lumber Company, against E. Robinson and Maggie Robinson, to recover upon promissory notes. From a judgment for plaintiff, and from an order denying a new trial, the last-named defendant appeals.   Affirmed.

*Julius Skaug,* for Appellant.

*Brown & Smith,* for Respondent.

Appellant cited:

38 Cyc. 1582.

Empire State Cattle Co. v. Atchison Ry. Co. 210 U. S. 1, 28 S. Ct. 607; Share v. Coats, 29 S. D. 603; 137, N. W. 402; Goller v. Eidness, (N. D.) 121 N. W. 83.

Respondent cited:

Mayer v. Dean, 22 N. E. 261; 115 N. Y. 556.

WHITING, P. J.   Action to recover on two promissory notes executed to plaintiff by defendants.   Directed verdict and judg-

ment against both defendants. Defendant Maggie Robinson appeals from the judgment and an order denying a new trial.

Appellant pleaded want of consideration for, and fraud in procuring her execution of such notes. By her assignments of error she has abandoned the issue as to fraud. Both parties moved for a directed verdict. After the trial court intimated that it would direct a verdict for plaintiff, defendants tried to withdraw their motion and to have the court submit the issues of fact to the jury. This the court refused to do, and, while it did not itself make findings as is proper where both parties ask for directed verdict, it did grant plaintiff's motion and direct a verdict.

Appellant concedes that the court committed no error provided, under the undisputed evidence, the court was justified in directing the verdict. As before noted, appellant has abandoned the plea of fraud, furthermore there is no specification of any particular wherein there is any conflict in the evidence as to fraud. It follows that all we need to consider is the evidence as to consideration.

It is undisputed that the notes sued upon were given in renewal of a prior note given by defendant E. Robinson to plaintiff, and in settlement of an open account due from such defendant to plaintiff. By the giving of the notes sued upon the time for payment of this indebtedness, evidenced by the prior note and the open account, was extended. This was a good and sufficient consideration for appellant's signature to these notes. It is true that she claimed to know nothing of this former indebtedness, and that she was advised that these notes she signed were mere accommodation notes. If she were now claiming that there was a conflict in the evidence bearing upon the question of fraud, then there would be some basis for a claim that the court might not, of its own motion, have been justified in directing a verdict.

There being before us no question of conflict of evidence on issue of fraud, and it being apparent from the undisputed evidence that there was a good consideration for appellant's signature to said notes, the judgment and order appealed from should be and are affirmed.